BRISK, The (MUIR v.). See Case No. 9,-901.

———

## Case No. 1,888.
### BRISSAC et al. v. LAWRENCE.
[2 Blatchf. 121.][1]

Circuit Court, S. D. New York. June, 1850.

CUSTOMS DUTIES — COLLECTORS — LIABILITY FOR LOSS OF GOODS IN WAREHOUSE — ACTS OF SUBORDINATES.

1. In an action against a collector of the customs, to recover the value of goods lost while on deposit in a custom-house warehouse, under the provisions of the act of August 6th, 1846 (9 Stat. 53), no recovery can be had unless it appears that the defendant was guilty of actual personal negligence in regard to the safe-keeping of the goods, and that, in consequence of such personal negligence, they were lost. Such negligence in the collector cannot be inferred from the mere loss of the goods. Whether such inference would be proper in an action against the store-keeper who had charge of the goods, quaere.

[Applied in Robertson v. Sichel, 127 U. S. 516, 8 Sup. Ct. 1,291.]

2. The collector is not personally responsible for the negligence of his subordinates in the custom-house department. The rule stated, as to the responsibility of a collector for losses occurring through defects in the regulations established by the treasury department for the transaction of the business of the customs.

[See Gould v. Hammond, Case No. 5,638.]

3. The fact that the bookkeeper in the warehouse was intoxicated daily, is not enough to render the collector liable for a loss of goods stored in the warehouse, but it must be shown that the goods were lost from that particular cause.

At law. This was an action tried before NELSON, Circuit Justice, to recover the value of a case of goods that was lost while in one of the custom-house warehouses in New-York, during the time the defendant

———

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[Cornelius W. Lawrence] was collector of that port. The facts were these: The goods were shipped by the plaintiffs [Brissac & De Fontaine], at Havre, consigned to a firm in New-York, and, on their arrival, were deposited in one of the custom-house warehouses there, under the provisions of the act of August 6th, 1846 (9 Stat. 53), and were either lost or mislaid therein, or were delivered therefrom to some person not entitled to them. For the purpose of establishing personal negligence on the part of the defendant, the plaintiffs, on the trial, gave evidence tending to show, that the manner in which the books containing the accounts of goods received at and delivered from the warehouse were kept was imperfect, and they claimed this to have been carelessness on the part of the defendant, as the head of the customs department. They also proved that the bookkeeper at the warehouse was a person of intemperate habits, and unfit for that situation. The defendant proved that the books were kept in conformity with the mode usually adopted at. the time for keeping books of that kind; that the intemperate bookkeeper had been discharged; and that, during a period of nineteen months, out of two hundred thousand packages of goods which had been received at the warehouse in question, only two packages had been lost. [Verdict for defendant.]

Francis B. Cutting and William Emerson, for plaintiffs.

Benjamin F. Butler and William Allen Butler, for defendant.

NELSON, Circuit Justice, charged the jury in substance as follows:

There is but one question of fact for you to determine, on the ground assumed by the plaintiffs as entitling them to recover. It is, whether or not the collector was guilty of personal negligence in respect to the case of goods which was lost. The question is not, whether there was any negligence which resulted in the loss of the goods. No doubt there may have been such negligence. But the question is, whether the defendant himself, as collector, was personally guilty of negligence in regard to the safe-keeping of the goods, and whether, in consequence of such personal negligence, they were lost. The act of August 6th, 1846 (9 Stat. 53), makes it imperative on the collector to order goods to be deposited in a warehouse, if the importer desires it. The collector has no discretion in the matter, because the importer has the right to have his goods so deposited in order to suspend the payment of duties on them. Under this law, the goods in question were deposited in the warehouse by the plaintiffs, and were lost.

The evidence of such negligence on the part of the defendant as will sustain the plaintiffs' right to recover, must be made out by testimony on the part of the plaintiffs.

The fact of such negligence must not be inferred from the mere loss of the goods. The collector is not personally responsible for the negligence of his subordinates in the custom-house department, and, therefore, he is not responsible for the negligence of persons employed in the warehouse department. Negligence, as an inference of law from the fact of the goods having been lost, might be the rule, if the action were against the storekeeper who had charge of the goods; but, in order to charge the defendant with the loss, it is necessary that the plaintiffs should satisfy you, by affirmative and reasonable testimony, that the collector was personally guilty of negligence in the discharge of his duty, either by misdeed or by omission.

It has been urged by the counsel for the plaintiffs that this case is substantially one between the plaintiffs and the government, that the defendant has no personal interest in the matter, and that, if a recovery is had against him, he will be indemnified by the government. Such a suggestion does not properly belong to the case. It is possible that, if a recovery is had against the collector, and if the government shall regard the recovery as wrong, it may think itself bound to indemnify its officer. But it requires only a moment's reflection to see, that no government could ever adopt, acknowledge or practice the general principle of standing by its officers in every case where, by their own personal wrong, they become liable to loss. The plaintiffs ask for a verdict on the ground that the officer has been negligent of his duty, and yet, at the same time, they assume that the government will indemnify him for the consequences of his negligence. Such a principle would sap the foundation of all government, and would not only sanction negligence but would offer a bounty for it. Therefore, the ground on which the plaintiffs claim to recover against the defendant necessarily repudiates the idea that he will be indemnified by the government. You must, then, assume the correct principle in regard to public officers thus prosecuted to be, that if they are made responsible on the ground of negligence, they must not expect indemnity from the government, but must pay out of their own pockets any recovery that is had against them. You must consider this case as if it were one between the plaintiffs and a private individual against whom an action had been brought for a personal wrong against his neighbor. In that aspect, you must inquire whether the plaintiffs have sufficiently satisfied your consciences and judgments, as indifferent jurors, that the defendant was guilty of actual personal negligence respecting the goods in question.

It is urged by the plaintiffs that the collector had, in his public official capacity, the entire superintendence, control and management of the warehouse department; that all his subordinates were directly responsible to

him; that he was the person charged with the establishment of the regulations under which the business was to be conducted; and that, if those regulations contained any defects or imperfections which might lead to the loss of goods, the neglect or omission or failure on his part to establish such a system as would cause the business to be carried on with perfect regularity, should render him responsible. The collector is, indeed, the head officer of the custom-house department, with whom the secretary of the treasury corresponds in relation to the duties of the department. And the collector has considerable power in his official capacity. But he executes his duties in subordination to the treasury department of the government, and the instructions of the secretary of the treasury are controlling upon him. What, then, is the ground on which the defendant is sought to be charged with actual negligence as regards the goods in question? It is said, and the fact may be conceded, that the system created by the act of 1846 was an imperfect one. According to the provisions of that act, it was the duty of the secretary of the treasury to make regulations and require obedience to them. Now, assuming that there were defects in the system when it was first established, is that any proof of malfeasance or negligence on the part of the defendant? The system went into operation in March, 1847, and it was in a short time reduced to better order, under the experience of the storekeeper. It required some time to apply the law practically to the business conducted under it, so as to secure the safe-keeping of the goods. It does not appear that there was any great delay in discovering the want of a better system and in supplying it. And yet the plaintiffs contend that the fact that at the very commencement the most perfect system was not put in operation by the collector, who is subordinate to the secretary of the treasury, lays the foundation for inferring personal negligence on the part of the collector.

The other ground urged, as showing negligence on the part of the defendant is, that the bookkeeper was intemperate and was discharged. This would seem to be an item of testimony, showing diligence on the part of the defendant in the discharge of his duties. But, according to the counsel for the plaintiffs, if, out of the whole number of subordinates whom the collector selects, there is one who, without the collector's knowledge, is an intemperate person, that fact alone is to be taken into account to prove the collector guilty of actual negligence. And it is urged that, even though the man may have been a sober man when he was employed, yet if, during his employment, he acquires habits of intemperance, the fact that the collector selected a man who was capable of becoming intemperate, goes to show that he was guilty of negli-

gence. But, assuming that a case of intemperance is made out as respects the bookkeeper, the fact that he was intoxicated daily would not alone render the collector responsible for the loss of the goods. The plaintiffs must go further, and must show that the goods were lost from that particular cause. But the proof shows that the books were well kept, according to the system then in use. The ledger contained an entry of the receipt of the goods, being the usual record in cases of the kind. There was no entry of the delivery of the goods.

These are the grounds on which the collector is charged with negligence, and it is necessary to distinguish between the negligence of the collector and that of his subordinates. In a suit against the storekeeper, or against a subordinate officer who had the care of the goods, it might with more reason be urged that there must have been negligence or the goods could not have been improperly delivered. But this is a suit against the collector, who did not have charge of the goods, and, in order to render him liable, you must find him to have been guilty of personal neglect, misfeasance or wrong. Even as regards the subordinate who had charge of the goods, the testimony shows that, during nineteen months, two hundred thousand packages of goods were received into and delivered from that particular warehouse, and but two packages, or only one out of one hundred thousand, were lost or mislaid. This is evidence of diligence and care on the part of the person who had the immediate charge of the goods, and a jury would undoubtedly hesitate before they would be willing to charge with negligence any person in the department. But, in view of the fact that the collector of New York has charge of all the business from which two-thirds of the entire revenue of the United States is collected, and has thousands of subordinates, and upon the evidence that only one package out of every one hundred thousand which passed through the hands of those subordinates has been lost, it is strange that this case has been so urgently pressed, with the idea that, upon any principle of equity, much less of law, there could be any liability on the part of the collector.

The jury found a verdict for the defendant.