**BANCO NACIONAL ULTRAMARINO v. NEWTON, Collector of Customs.**

(District Court, E. D. New York. October 19, 1921.)

1. **Customs duties ⬤⟝55—In action against collector, defense that he was acting for disclosed principal held good.**

In an action against a collector of customs for delivering plaintiff's property to a third party, a separate defense alleging that defendant acted solely as the known and disclosed agent and officer of a known and disclosed principal, to wit, the United States, and was acting solely in his official capacity, was not insufficient to state a defense, though the trial may result in establishing that he was guilty of personal misconduct, neglect, or wrongdoing.

2. **Pleading ⬤⟝355—Separate defenses questioning sufficiency of complaint and jurisdiction of court stricken on motion.**

Separate defenses alleging that the complaint does not state facts sufficient to constitute a cause of action, and that the court has no jurisdiction of the action, will be stricken on motion as surplusage; these being grounds of demurrer.

⬤⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Pleading ⬥➔359—Separate defenses alleging that complaint did not show acts done under color of office stricken as sham.**

In an action against a collector of customs for delivering plaintiff's property to third parties, a complaint alleging that defendant was acting in his official capacity *held* to show sufficiently that he was acting under color of his office, so that a separate defense asserting that the complaint failed to set out the fact that the acts averred were committed by defendant under color of his office will be stricken as sham.

At Law. Action by the Banco Nacional Ultramarino against Byron R. Newton, Collector of Customs, District No. 10. On demurrer and motion to strike separate defenses. Demurrer overruled, and motion granted.

Richard M. Page, of New York City (William H. Smith, Jr., of New York City, of counsel), for plaintiff.

Wallace E. J. Collins, U. S. Atty., of Brooklyn, N. Y. (Frederick L. Kopff, of Brooklyn, N. Y., of counsel), for defendant.

GARVIN, District Judge  Plaintiff has demurred to the fourth separate defense set forth in defendant's answer to the amended complaint upon the ground that the same is insufficient in law. The demurrer is brought on for argument, with a motion by plaintiff to strike out the "first," "second," and "third" defenses contained in defendant's answer, on the ground that they are irrelevant, and the "fifth" defense on the ground that it is sham.

[1] The action is to recover $6,279, the value of 381 boxes of sardines, the property of plaintiff, which defendant, without authority and unlawfully, delivered to the firm of R. C. Williams & Co., after he had taken possession thereof in his official capacity. The fourth separate defense is alleged thus:

"That in and about all the matters and things averred and purported to be averred in the amended complaint, the defendant was in all things acting solely as the known and disclosed agent and officer of a known and disclosed principal, to wit, the United States of America, and was acting solely in his official capacity for the said disclosed principal, and in pursuance of and conformity with the duties imposed upon him by law."

While a trial may result in establishing that the defendant was guilty of personal misconduct, neglect, or wrongdoing, for which he must respond personally to plaintiff, as held in the cases of Brissac v. Lawrence, Fed. Cas. No. 1888, 2 Blatchf. 121, and Robertson v. Sichel, 127 U. S. 507, 8 Sup. Ct. 1286, 32 L. Ed. 203, the court is not justified in holding that an allegation that defendant acted in pursuance of and in conformity with the duties imposed upon him by law is no defense. Indeed, it is difficult to conceive of a defense more perfect. The demurrer must be overruled.

The first three defenses contained in defendant's answer are (1) that complaint does not state facts sufficient to constitute a cause of action; (2) that the court has no jurisdiction of the subject of the action; (3) that there is a defect of parties, in that R. C. Williams & Co. is not a party defendant. Defendant consents to the striking out

of the third defense, and to that extent the motion to strike out will be granted.

[2] The first and second defenses are grounds of demurrer. They have no proper place in an answer, are surplusage, and the motion to strike them out will be granted.

[3] Plaintiff moves to strike out the fifth defense as sham. This defense is as follows:

"That the complaint fails to set forth facts sufficient to constitute a cause of action against the defendant, in that it fails to set forth the fact that all the matters and things averred and purporting to be averred in the complaint were committed by the defendant while acting under color of his office."

An examination of the amended complaint discloses that the action is brought upon the theory that that defendant was acting "in his official capacity," which is only another way of saying "under color of his office." This is clear from the wording of paragraphs fourth, fifth, seventh, and ninth of the amended complaint, which read:

"Fourth. In or about the month of January, 1920, a shipment consisting of three hundred and eighty-one (381) cases of imported sardines (hereinafter called the "articles") arrived on board the Steamship Goa at the port of New York and were discharged from said steamship and entered at the custom house at said port by the firm of R. C. Williams & Co., of New York City (hereinafter called the "firm") with the permission and consent of defendant, as such collector, acting through his official representatives, and defendant thereupon took possession of said articles in his said official capacity. The custom house entry numbers assigned to said articles were No. 97258 for three hundred and thirty-one (331) cases and No. 98728 for fifty (50) cases thereof.

"Fifth. As shown by the manifest and papers of said steamship, the articles were consigned to the order of the shipper, F. V. Rocha Leao (hereinafter called the "shipper"), but were delivered, in or about the month of January, 1920, by the defendant, as such collector, acting through his official representatives, to the firm without the production or surrender of the bill of lading therefor, upon the delivery to the defendant, as such collector, of the indemnity bonds hereinafter referred to."

"Seventh. At or prior to the time of the delivery of said articles to the firm, as aforesaid, the defendant acting under color of his said office and through his official representatives, demanded and received from the firm two (2) surety bonds of indemnity conditioned upon the production and delivery to the defendant, as such collector, of a valid bill of lading for the articles, properly indorsed by the shipper or consignee as the case might be, within thirty days from the date of such bonds, one of which, bearing No. 8485, was in the penal sum of eight thousand five hundred dollars ($8,500) and the other, bearing No. 8586, was in the penal sum of fifteen hundred dollars ($1,500)."

"Ninth. It was the practice and custom of the defendant as such collector, through his official representatives, to deliver imported articles to alleged purchasers thereof, without requiring production and delivery of the order bill of lading therefor, upon receiving surety bonds of indemnity, as aforesaid, and this practice and custom were known to and authorized by defendant, acting under color of his said office, at all times mentioned in this complaint."

This defense should be struck out as sham. The court, therefore, concludes that the demurrer should be overruled, and that the motion should be granted.